UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:21-cv-02003 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| SERENA J. HAIRE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding in pro se, has filed a complaint that addressed matters unrelated to his conditions of confinement. ECF No. 1. Plaintiff has also filed a motion for an injunction, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 4, 7.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

////

1

In this case, both defendants reside in Las Vegas, Nevada. ECF No. 1 at 3. Plaintiff alleges various acts of fraud were committed in Las Vegas, Nevada by defendants following the death of his father, which also occurred in Las Vegas, Nevada. Though plaintiff alleges his father purchased property in Los Angeles and Riverside Counties, California, before moving to Nevada (ECF No. 1 at 7) there is no indication that significant events giving rise to plaintiff's attempted claims took place in California or that significant property exists in California. Further, the court notes that neither Los Angeles nor Riverside Counties are within the boundaries of the Eastern District of California.

The undersigned believes this case should have been filed in the District of Nevada. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, this case is TRANSFERRED to the District of Nevada.

IT IS SO ORDERED.

DATED: January 6, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2